Chairman, Hon. Jeffrey H. Langton, Member, Hon. David Cybulski and Member, Hon. Katherine R. Curtis.

**FROM: The District Court of the 8th Judicial District. County of Cascade.**

STATE OF MONTANA,
Plaintiff,                                      No. CDC-00-209
vs.                                             Decision
DANIEL F. PURCELL,
Defendant,

On July 17, 2001, the defendant was sentenced to the following: Count I: Twenty (20) years in the Montana State Prison, with five (5) years suspended; Count II: Twenty (20) years in the Montana State Prison, with five (5) years suspended; Count III: Twenty (20) years in the Montana State Prison, with five (5) years suspended; and Count IV: Twenty (20) years in the Montana State Prison, with five (5) years suspended, to run consecutive, for a total of eighty (80) years in the Montana State Prison, with twenty (20) years suspended.

On October 12, 2001, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Meghan Lulf. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the unanimous decision of the Sentence Review Division that the sentence shall be amended as follows: Count I: Twenty (20) years in the Montana State Prison; Count II: Twenty (20) years in the

Montana State Prison; Count III: Twenty (20) years in the Montana State Prison; and Count IV: Twenty (20) years in the Montana State Prison, to run consecutive, for a total of eighty (80) years in the Montana State Prison, with none of that time suspended. The defendant shall not be eligible for parole until he has served twenty-five (25) years of this sentence, and has also successfully completed all phases of the Sex Offender Program at the Montana State Prison.

The reasons for the amendment are that although this is the defendant's first felony conviction, the facts are clear that the defendant's felonious conduct extended over many years. These are heinous offenses that have deeply wounded the victim. The information that the sentencing judge received with regards to the victim reflects the affects upon her, specifically, that she has two disorders associated with the defendant's conduct --- post traumatic stress disorder and disassociated identity disorder --- for which she has received in-patient care, and has been suicidal on occasions. To give the defendant, who was labeled by Dr. Scolatti as a high-risk to reoffend, the opportunity to impose that kind of harm on someone else anytime in the next twenty-five (25) years would be a miscarriage of justice.

Done in open Court this 12th day of October, 2001.

DATED this 6th day of November, 2001.

Chairman, Hon. Jeffrey H. Langton, Member, Hon. David Cybulski and Member, Hon. Katherine R. Curtis.